IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cr-20204-JTF-1 |
| ) | |
| CLAIBON BURRUS, ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S SECOND MOTION TO
SUPPRESS

Before the Court is Defendant Claibon Burrus's Second Motion to Suppress, filed on November 21, 2023. (ECF No. 59.) The Motion was referred to Magistrate Judge Annie T. Christoff on February 7, 2024. (ECF No. 66.) The United States filed its Response on February 16, 2024. (ECF No. 68.) The Magistrate Judge entered a Report and Recommendation ("R & R") on May 17, 2024. (ECF No. 74.) Defendant filed his Objections on June 6, 2024. (ECF No. 77.) For the reasons provided herein, the Court **ADOPTS** the Magistrate Judge's R & R, and **DENIES** Defendant's Second Motion to Suppress.

I. **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may

still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

"The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge." *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). "A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.*), 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any

other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II.     FINDINGS OF FACT

In the R & R, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 74, 2–4.) Defendant did not object to the Magistrate's proposed finding of facts. (ECF No. 77, 2.) Because Defendant raised no factual objections, the Court adopts and incorporates the proposed findings of facts.

## III.     LEGAL ANALYSIS

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause exists to obtain a search warrant "when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched." *See United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018) (quoting *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009)). Courts assess the "four corners" of an affidavit to determine "whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021); *see also District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). Under this assessment, the Court gives "great deference" to the issuing judge's determination. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238.

## IV. LEGAL OBJECTIONS

Defendant objects to (1) the Magistrate Judge's conclusion regarding the source of reliability of the information considered as part of the probable cause supporting the warrant to search the Subject Number[1] (ECF No. 77, 2); (2) the Magistrate Judge's reliance on the relationship of the informant as the victim's boyfriend without regard to the recency of the relationship (*Id*. at 3); (3) whether the information contained in the warrant was stale (*Id*.); and (4) the finding that the good faith exception applies (*Id*. at 4). The Court will now address Defendant's objections in turn.

**Objection No. 1: Reliability of Jessica Oldaker's boyfriend**

Defendant argues there is insufficient indicia of reliability in the affidavit regarding Jessica Oldaker's boyfriend as "[t]here is no information or basis given to believe he is reliable." (ECF No. 77, 2.) In support of this argument Defendant points out that "the affidavit does not identify the boyfriend by name, nor does it provide any details about his relationship with [Ms. Oldaker] including duration or status." Essentially, Defendant takes issue with the Magistrate's reliance on *United States v. Thomas*, 605 F.3d 300 (6th Cir. 2010) as to the reliability of the boyfriend and avers that the case illustrates his unreliability. (*Id*.)

The standard of review for determining the sufficiency of the affidavit "is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). "[W]hile an affidavit must state facts supporting an independent judicial determination that the informant is reliable, those facts need not take any particular form." *United States v.*

---

[1] The Subject Number refers to the number for which the search warrant requested access to phone records in connection with the investigation into the death of Jessica Oldaker.

*McCraven,* 401 F.3d 693, 697 (6th Cir. 2005).  Even "an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." United States v. *Woosley,* 361 F.3d 924, 927 (6th Cir. 2004); *see also United States v. Tuttle,* 200 F.3d 892, 894 (6th Cir.2000) (noting that "information received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information").  In reviewing the circumstances outlined in the affidavit, "as long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause." *McCraven*, 401 F.3d at 697.

The Court agrees with the Magistrate Judge that under the totality of the circumstances, the affidavit contains enough information to support the boyfriend's reliability.  The place to be searched were records related to the Subject Number.  The affidavit states that Ms. Oldaker's boyfriend "advised Sergeant Overly that [his girlfriend] would routinely contact her drug dealer known as 'Yay' at [the Subject Number.]"  (ECF No. 68-1, 3.) That information was corroborated by a search of the Subject Number in the Memphis Police Department's ("MPD") database phone records.  The search of MPD's database established a connection between drug activity and the Subject Number as early as July 2018. (*Id*.) A known drug supplier, who was later arrested in July 2018 in possession of large quantities of heroin and methamphetamine, had been in contact with the Subject Number in the instant case.  (*Id*.)  Further corroborating the boyfriend's information, the affidavit states that in 2018, an undercover officer ("UC") called the Subject Number in an attempt to buy illegal drugs. (*Id*.)  The call was answered by a "male user" who refused to sell because he "did not recognize the UC as a usual customer." (*Id*.)  Although this call was made as

5

part of the 2018 investigation, it still provides a connection between the Subject Number and illegal drug trafficking. (ECF No. 74, 3.)

The Court has independently reviewed the affidavit at issue and finds that it contains sufficient corroborating information to support issuance of the search warrant. In viewing the evidence together and in totality, as required, the Court concludes that the information contained in the affidavit provided a reasonable basis for believing that illegal drug trafficking evidence necessary to further the investigation of Ms. Oldaker's death would be found in the telephone records of the Subject Number. *Gates,* 462 U.S. at 233; *Thomas*, 605 F.3d at 308. Accordingly, upon *de novo* review, the Court **DENIES** Defendant's objection that there is insufficient indicia of reliability regarding Ms. Oldaker's boyfriend and **ADOPTS** the Magistrate Judge's finding that the warrant was supported by probable cause.

**Objection No. 2: Reliance on the boyfriend's status as a "firmer foundation for reliability"**

Defendant also objects to the Magistrate Judge's "reli[ance] on the boyfriend's relationship providing a 'firmer foundation for reliability' without any information as to when he was [Ms. Oldaker's] boyfriend, whether current or past." (ECF No. 77, 3.) The Magistrate Judge reasoned that compared to a confidential source or anonymous tipster, the boyfriend's connection with the victim provided a "firmer foundation for reliability." (ECF No. 74, 9.) As the Magistrate Judge explained, the boyfriend's information about Ms. Oldaker's source of supply was partially corroborated through the MPD's phone database by connecting the Subject Number to drug trafficking. (*Id*. at 8.) In this Court's view, the Magistrate Judge identified "other sources of information [that] reduced the chances of a reckless or prevaricating tale" in concluding that the boyfriend's information given to investigators was reliable. *Gates,* 462 U.S. at 244-45. An issuing court must make a "practical, common-sense decision whether, given all the circumstances set

6

forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. Also, "the duty of a reviewing court is simply to ensure that the [issuing] magistrate had a 'substantial basis for . . . conclude[ing]' that probable cause existed." *Id.* at 238–39. After reviewing the Record, this Court concludes that the state criminal court judge properly issued the search warrant, and the Magistrate Judge properly concluded that probable cause existed. Thus, the Court **DENIES** Defendant's objection that the Magistrate Judge incorrectly relied on the boyfriend's relationship as a "firmer foundation of reliability" to support probable cause and **ADOPTS** the Magistrate Judge's finding that the warrant was supported by probable cause.

**Objection No. 3: Staleness of the Information**

Next, Defendant objects to the Magistrate Judge's finding that the information contained in the warrant was not stale. (ECF No. 77, 3.) Defendant objects to the Magistrate Judge's conclusion because it "ignores the totality of the information provided by [Ms. Oldaker's] boyfriend." (*Id.*) Specifically, Defendant argues that there is no evidence as to "when contact was made" and that in the context of probable cause and staleness, one must "be able to rely on facts not generalized statements with no reference to time." (*Id.*) Defendant also argues that relying on the term "routine," in absence of precise references to time periods in the affidavit, "ignores the specifics needed in the affidavit for probable cause." (*Id.* at 3–4.) Defendant contends that allowing the investigators to use a two-year-old phone call to support its investigation and search warrant application would allow officers to wrongfully manufacture probable cause. (*Id.* at 4.)

Stale evidence cannot support probable cause, since probable cause is concerned with facts relating to a presently existing condition. *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1988). Staleness must be determined by the circumstances of each case and is not a question of

7

clear time limits. *Sgro v. United States*, 287 U.S. 206, 210–22 (1932). The Sixth Circuit holds that "[t]he standard of review for a staleness determination is the same as the standard for determining the sufficiency of an affidavit. In sum, a magistrate must determine whether, under the totality of the circumstances, probable cause exists to issue the warrant." *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001).

Whether information is stale depends on several factors including the character of the crime, the criminal, the thing to be seized, and the place to be searched. *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010). In the case of drug crimes, information usually goes stale very quickly because drugs are bought and sold promptly. *Greene*, 250 F.3d at 480. Such is not the case with phone records, which do not change and may reveal evidence of past and ongoing criminal activity. The Sixth Circuit has observed that "[w]here recent information corroborates otherwise stale information, probable cause may be found." *Spikes*, 158 F.3d at 924 (rejecting a staleness argument where recent events refreshed otherwise stale information occurring four years prior) (quoting *United States v. Henson*, 848 F.2d 1374, 1381–82 (6th Cir. 1988)). This type of evidence will generally defeat a claim of staleness. *Greene*, 250 F.3d at 480. Thus, where the 2018 call was alleged to be too old or stale, more recent events, at a minimum, "refreshed" the connection between the information provided in the affidavit and the call. Since evidence on cell phones have a particularly long-life span, it was reasonable to believe that the cell phone records sought by investigators in this case contained evidence of drug activity in relation to Ms. Oldaker's death.

The Court does not find that the information contained in the warrant was stale. In the affidavit supporting the search warrant, investigators arrived and found the victim's cell phone, drug use paraphernalia and two plastic bags that contained 1.2 grams of fentanyl. The affiant

stated that the boyfriend advised Sergeant Overly that Ms. Oldaker "routinely" contacted her drug dealer "Yay" at the Subject Number. The boyfriend also described the public locations "Yay" would sell various amounts of heroin to Ms. Oldaker.

The Court agrees with the Magistrate Judges' conclusion that a "common sense reading of that information is that, before her death, [Ms. Oldaker] regularly and recently contacted her drug dealer using the Subject Number." (ECF No. 74, 10.) Accordingly, the Court **DENIES** Defendant's objection that the warrant was stale and **ADOPTS** the Magistrate Judge's finding that "[t]he information in the affidavit was neither unreliable nor stale, and the totality of that information provides probable cause to support the search of the Subject Number's records." (*Id.* at 11.)

**Objection No. 4: Good faith exception**

The Magistrate Judge acknowledged that if the warrant at issue was not supported by probable cause, it met the less demanding standard under the good faith exception of the exclusionary rule. *See United States v. Leon*, 463 U.S. 897 (1984) (evidence was seized based on a reasonable, good faith reliance of a warrant later determined defective). (ECF No. 74, 11.) Violations of the Fourth Amendment are often remedied through the exclusionary rule, which forbids the use of improperly obtained evidence at trial. *Herring v. United States*, 555 U.S. 35, 139 (2009). However, the United States Supreme Court has explained that the exclusionary rule should not apply when officers obtain a warrant from a neutral judge. *United States v. Reed*, 993 F.3d 441, 450 (6th Cir. 2021) (citing *Leon*, 468 U.S. at 922–23).

9

Defendant objects to the Magistrate Judge's finding that the good faith exception applies in this case because the affidavit recklessly misled the criminal court judge who issued the warrant, and the affidavit does not fit the "bare bones" exception. (ECF No. 77, 4–5.)[2]

　　*1. Recklessly misleading*

Defendant argues that a "common sense reading of the affidavit makes it appear than an undercover officer called the number to try and make a buy in 2020 when this was not the case." (ECF No. 77, 4.) This argument was fully considered and thoroughly analyzed by the Magistrate Judge in determining that,

> [t]he statement about the undercover call is not misleading. At best, the affidavit is ambiguous as to whether that call took place as part of the 2018 investigation or the 2020 investigation, as no date is given for the call. Because the information about the call follows from the information about the 2018 investigation, however, the most natural reading is that the call took place in 2018 (as was ultimately confirmed by Detective Atkins at the hearing).

(*Id.* at 13–14.)  There is nothing in the Record to indicate that the affiant demonstrated a reckless disregard for the truth.  There is nothing in the Record to indicate that either the Magistrate Judge or the issuing state judge were misled by the information provided in the affidavit.  Accordingly, Defendant's argument that the affiant attempted to mislead the issuing court is meritless and should not prevent application of the good faith exception, should its application be warranted.

　　*2. Bare bones*

Defendant argues that the affidavit was insufficient and could not support a probable cause determination because it was "bare bones."  Sometimes an affidavit is "so lacking in indicia of

---

[2] Another factor to consider in determining if the good faith exception should be utilized is whether or not "the issuing magistrate lacked neutrality and detachment[.]" *United States v. Helton*, 314 F. 3d 812, 824 (6th Cir. 2003).  Burrus appears to forgo this argument when he concedes the following: "[w]hether the Criminal Court Judge abandoned his role is not as strong of an argument."  (ECF No. 77 at 4.)  Even if he were to make such an argument, this Court would find it meritless for the reasons cited above with respect to allegations that the affiant attempted to mislead the criminal court judge and the bare bones nature of the affidavit.

10

probable cause as to render official belief in its existence entirely unreasonable." *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017) (quoting *Leon*, 468 U.S. at 923).  This exception requires that a reasonably well-trained officer would have known that the search was illegal despite the magistrate judge's decision.  *United States v. Czuprynski*, 46 F.3d 560, 563–64 (6th Cir. 1995) (quoting *Leon*, 468 U.S. at 923).  Such affidavits are referred to as "bare bones."  Bare bone affidavits are conclusory in that they assert "only the affiant's belief that probable cause existed" or "a mere guess that contraband or evidence of a crime would be found."  *White*, 874 F.3d at 496 internal quotation marks and citation omitted). They are also "completely devoid of facts to support the affiant's judgment that probable cause exists, or so vague as to be conclusory or meaningless." *Id*. (internal quotation marks and citations omitted).

While Defendant would like the Court to find that the affidavit is bare bones merely because it is short and at some places provides undated information, the affidavit here was not bare bones.  As noted, an affidavit is considered bare bones when it only presents suspicions unsupported by facts and no connection between the illegal activity and the place to be searched.  Such is not the case here.  Given the underlying factual circumstances pertaining to veracity, reliability, and basis of knowledge, the Court **ADOPTS** the Magistrate Judge's finding that "even if the probable cause stated in the affidavit is ultimately determined to be insufficient, the good faith exception should apply and preclude suppression."  (ECF No. 74 at 16.)  Accordingly, the Court overrules Defendant's objection that the good faith exception does not apply here.

## V. <u>CONCLUSION</u>

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Suppress.

**IT IS SO ORDERED** this 18th day of July 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE